Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
***Attorneys for Plaintiffs***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GOMPF AND KAILA JACKSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br>     vs. <br><br> MONTEREY FINANCIAL SERVICES LLC; DOES 1-10, AND EACH OF THEM. <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1.   NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2.   WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs JUDY GOMPF and KAILA JACKSON ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

///

///

## NATURE OF THE CASE

1.    Plaintiffs brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of MONTEREY FINANCIAL SERVICES LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California.  Plaintiffs also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California.

## PARTIES

4.    Plaintiff, JUDY GOMPF ("Plaintiff JUDY" or "JUDY"), is a natural person residing in Aliso Viejo, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.    Plaintiff, KAILA JACKSON ("Plaintiff KAILA" or "KAILA"), is a

natural person residing in Aliso Viejo, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.    Defendant, MONTEREY FINANCIAL SERVICES LLC ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs and is a "person" as defined by *47 U.S.C. § 153 (39)*.

## FACTUAL ALLEGATIONS

7.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

8.    Plaintiffs purchased a dog through Defendant. On or around June 27, 2017, Plaintiffs called Defendant to get a payoff on one of their service dogs. Plaintiffs received the payoff and were to pay off the service dog by July 18, 2017.

9.    On the same day, June 27, 2017, Defendant continued to autodial Plaintiffs all day, continuing on a daily basis in order to harass Plaintiffs to make a payment on the dog.

10.    Defendant made numerous calls to Plaintiffs' phone number ending in -9430.  Defendant repeatedly called Plaintiffs, with calls averaging several times per day, and from numbers verified to be owned by Defendant.

11.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiffs seeking to collect the debt allegedly owed

12.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls

pursuant to *47 U.S.C. § 227(b)(1)*.

14.   Plaintiffs never agreed to be contacted using an automated telephone dialing system. Accordingly, Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

15.   Plaintiffs brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

16.   Plaintiffs represent, and are members of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

17.   Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

18.   The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class

members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

19.    Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time for which Plaintiffs and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

20.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

        a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

        b.    Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

        c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

21.    As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiffs are asserting claims that are typical of The Class.

22.    Plaintiffs will fairly and adequately protect the interests of the members of The Class.  Plaintiffs have retained attorneys experienced in the prosecution of class actions.

23.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

///

///

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

26.     Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29.     Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

30.     Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

33.     Plaintiffs and the Class members are also entitled to and seek

injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 30th day of October, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiffs